UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| JOSHUA POE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 24-cv-4084 |
| | ) |
| KURT OSMUNDSON, *et al.* | ) |
| | ) |
| Defendants. | ) |

## MERIT REVIEW ORDER

Plaintiff, proceeding *pro se* and presently incarcerated at Hill Correctional Center, filed a Complaint under 42 U.S.C. § 1983 alleging violations of his constitutional rights. This case is now before the Court for a merit review of Plaintiff's Complaint. (Doc. 1). The Court must "screen" Plaintiff's Complaint, and through such process to identify and dismiss any legally insufficient claim, or the entire action if warranted. 28 U.S.C. § 1915A. A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." *Id.* The Court accepts the factual allegations as true, liberally construing them in the plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645, 649 (7th Cir. 2013). Conclusory statements and labels are insufficient—the facts alleged must "state a claim for relief that is plausible on its face." *Alexander v. U.S.*, 721 F.3d 418, 422 (7th Cir. 2013) (citation omitted).

### ALLEGATIONS

Plaintiff files suit against Dr. Kurt Osmundson and Nurse Practitioners Kramer and Shinn. Plaintiff alleges Defendant Osmundson retaliated against him in violation of the First Amendment by denying him pain medication for his severe mouth pain on November 7, 2022, because "he

1

cannot give a grievance writer pain medication." (Doc. 1 at pp. 6-7). Plaintiff also alleges the denial of pain medication violated his Eighth Amendment rights.

During an appointment with Defendant Kramer on March 8, 2023, Plaintiff alleges Defendant Kramer retaliated against him in violation of the First Amendment by refusing to give him pain medication for an ankle injury because he informed her that he was going to submit grievance against her. Plaintiff also claims the denial of pain medication violated his Eighth Amendment rights.

Plaintiff also asked Defendant Kramer to change the pass-out time for the morning dose of his seizure medication on March 8, 2023, but she allegedly refused. Plaintiff informed Defendant Kramer he is unable to wake up to take his medication between 3:00 a.m. and 5:00 a.m. As a result, he misses his morning dose and experiences seizures. Plaintiff alleges Defendant Kramer was deliberately indifferent to his serious medical needs in violation of the Eighth Amendment by refusing to change the pass-out time.

During a visit with Defendant Osmundson on May 1, 2023, Plaintiff asked for pain medication for his knee, ankle, and foot, but Defendant Osmundson allegedly refused because Plaintiff planned to file a grievance against him. Plaintiff claims the denial of pain medication violated his First and Eighth Amendment rights.

Plaintiff also asked Defendant Osmundson to change the pass-out time for the morning dose of his seizure medication on May 1, 2023. Defendant Osmundson told Plaintiff to wake up and take his seizure medication early in the morning, but Plaintiff informed Defendant Osmundson he takes Remeron at night and cannot wake up until between 7:00 a.m. and 8:00 a.m. Plaintiff claims Defendant Osmundson was deliberately indifferent to his serious medical needs in violation of the Eighth Amendment by refusing to change the pass-out time for his seizure medication.

Finally, Plaintiff alleges Defendant Shinn violated his Eighth Amendment rights by refusing to change the pass-out time for his seizure medication during a visit on July 5, 2023.

## ANALYSIS

Plaintiff's claims against Defendants Osmundson, Kramer, and Shinn regarding the denial of pain medication for his mouth, ankle, knee, and foot and the refusal to alter the pass-out time for his seizure medication are not properly joined in one lawsuit. Unrelated claims against the same defendant may be joined in one action, but different defendants can be joined in one action only if the claims against them arise from the same series of transactions or occurrences. Fed. R. Civ. P. 18, 20; *Kadamovas v. Stevens*, 706 F.3d 843 (7th Cir. 2013) (court "can require the plaintiff 'to file separate complaints, each confined to one group of injuries and defendants.'") (quoted cite omitted); *Wheeler v. Wexford Health Sources, Inc.*, 689 F.3d 680, 683 (7th Cir. 2012) ("A litigant cannot throw all of his grievances, against dozens of different parties, into one stewpot. Joinder that requires the inclusion of extra parties is limited to claims arising from the same transaction or series of related transactions."); *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) ("Unrelated claims against different defendants belong in different suits…."). Plaintiff's Complaint is dismissed without prejudice. Plaintiff will have an opportunity to replead his claims.

**IT IS THEREFORE ORDERED:**

1) Plaintiff's Complaint is DISMISSED WITHOUT PREJUDICE as a violation of Federal Rules of Civil Procedure 18 and 20. Plaintiff shall have one opportunity to file an Amended Complaint within 30 days of this Order. Plaintiff's Amended Complaint will replace Plaintiff's Complaint in its entirety. The Amended Complaint must contain all allegations against all Defendants. Piecemeal amendments are not accepted. If Plaintiff fails to file a timely Amended

Complaint, or if the Amended Complaint fails to state a claim for relief, this case will be dismissed with prejudice.

    2) The Clerk is directed to send Plaintiff a blank Section 1983 complaint form.

ENTERED: 5/28/2024

                                        s/ James E. Shadid
                                        James E. Shadid
                                        U.S. District Court Judge